**Date Signed:**
**November 5, 2021**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br>MYRNA M. HERRERO,<br>    Debtor. | Case No. 10-02991<br>Chapter 7 |
| RICHARD A. YANAGI, Chapter 7 Trustee; and FREDRICK A. MENDOZA<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; JOEL BRANDON VILLAMOR; JULIA KELLY; PROSPECT MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOE DEFENDANTS 1-50,<br><br>Defendants. | Adv. No. 21-90005<br><br>Dkt. 36, 46, 47 |

# ORDER DENYING
# <u>DEFENDANT'S MOTION TO STRIKE JURY DEMAND</u>

In this adversary proceeding, Richard A. Yanagi, as trustee of the chapter 7 bankruptcy estate of Myrna M. Herrero, and Frederick A. Mendoza assert claims against two groups of defendants: Counts I and II state claims against the Bank of America, N.A. ("BANA") and Count III states claims against Brandon Villamor, Julia Kelly, Prospect Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc. (collectively, the "QTE Defendants"). The plaintiffs' claims arise out of the allegedly wrongful nonjudicial foreclosure of plaintiff Mendoza and Ms. Herrero's real property.

The issue before me is whether the plaintiffs are entitled to a jury trial. I conclude that some of the plaintiffs' claims are triable to a jury, and some are not. I will DENY BANA's motion to strike the plaintiffs' jury demand and leave to the district court the decision of how to present the case to the jury.[1]

---

[1] I have entered orders on similar motions to strike plaintiffs' jury demands in two other adversary proceedings concerning nearly identical claims. Order Denying Mot. Strike Jury Demand, *Field v. Bank of Am. (In re Tirso)*, Adv. No. 20-90021 (Bankr. D. Haw. Apr. 26, 2021), ECF No. 23; Order

I.  **BACKGROUND**

Plaintiff Mendoza and Ms. Herrero owned real property located at 4738 Hokuloa Place, Eleele, Hawaii 96705, which was encumbered by a mortgage in favor of BANA. BANA foreclosed on the property, then acquired the property at the nonjudicial foreclosure sale on June 24, 2010.[2] BANA then conveyed the property to Federal National Mortgage Association ("Fannie Mae") by Mortgagee's Quitclaim Deed recorded on August 6, 2010.[3] On June 22, 2011, Fannie Mae conveyed the property by Limited Warranty Deed to Lynn Rose Lewis, who then executed a Quitclaim Deed to convey the property to herself and Bradley Emerson Lewis, Jr.[4] Those owners then executed a Quitclaim Deed that purported to

---

Denying Defs' Mot. Strike Jury Demand, *Yanagi v. Bank of Am. (In re Kahikina)*, Adv. No. 20-90028 (Bankr. D. Haw. Apr. 26, 2021), ECF No. 31. In *Tirso* and *Kahikina*, I determined that the plaintiffs had stated both legal and equitable claims and were entitled to jury trials on their legal claims, and I recommended that the district court withdraw reference of both proceedings to set them for jury trial. BANA objected to my recommendations in both cases. On May 26, 2021, Judge Seabright adopted my recommendation in *Tirso* and overruled BANA's objection, agreeing that the plaintiff was entitled to a jury trial on his combined claims for legal and equitable relief. *See* Order Adopting Recommendation to Withdraw Reference to Schedule and Conduct Jury Trial, *Field v. Bank of Am. (In re Tirso)*, Civ. No. 21-00209 JMS-WRP (D. Haw. May 26, 2021), ECF No. 29 in Adv. No. 20-90021. On June 23, 2021, Judge Watson similarly adopted my recommendation in *Kahikina* over BANA's objection. *See* Order Adopting Recommendation to Withdraw Reference, *Yanagi v. Bank of Am. (In re Kahikina)*, Civ. No. 21-00208-DKW-RT (D. Haw. June 23, 2021), ECF No. 36 in Adv. No. 20-90028.
[2] Compl. ¶¶ 27, 44, ECF No. 1.
[3] *Id.* ¶ 46.
[4] *Id.* ¶ 49-50.

3

convey the property to Lynn Rose Lewis as tenant in severalty in November 2013.[5] On February 19, 2016, Lynn Rose Wachi (who is believed to be formerly known as Lynn Rose Lewis) executed a Warranty Deed to convey the property to the Villamor-Kelly defendants, who executed a mortgage with defendant MERS, as nominee for defendant Prospect.[6]

On September 29, 2010, Ms. Herrero commenced her chapter 7 bankruptcy case.[7] She did not list claims against BANA in her bankruptcy schedules.[8] Ms. Herrero obtained a chapter 7 discharge on December 28, 2010,[9] and her bankruptcy case was closed the same day.[10] On December 31, 2020, Ms. Herrero moved to reopen her chapter 7 case to add her claim against BANA to her bankruptcy schedules.[11] The motion was granted by order entered on January 04, 2021, and Richard A. Yanagi was reappointed as the chapter 7 trustee.[12]

---

[5] *Id.* ¶ 51.
[6] *Id.* ¶ 52-53.
[7] Ch. 7 Voluntary Pet., ECF No. 1 in main bankruptcy case.
[8] *See* Debtor's Schedules, ECF No. 1 in main bankruptcy case.
[9] Discharge of Debtor, ECF No. 10 in main bankruptcy case
[10] Final Decree, ECF No. 11 in main bankruptcy case.
[11] Debtor's Mot. Reopen Ch. 7 Case, ECF No. 13 in main bankruptcy case.
[12] Order Granting Mot. Reopen Ch. 7 Case, ECF No. 14 in main bankruptcy case.

4

The plaintiffs filed their adversary complaint, commencing the present proceeding, on February 09, 2021.[13] In the complaint, the plaintiffs demanded a jury trial on all claims so triable.[14] On August 30, 2021, BANA filed its Motion to Strike Jury Demand.[15] The motion came for hearing on October 8, 2021. Van-Alan H. Shima appeared for the chapter 7 trustee and Patricia J. McHenry appeared for BANA.

## II. ANALYSIS

### A. Standard

"The Seventh Amendment provides: 'In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.'"[16] The Supreme Court interpreted the phrase "Suits at common law" to refer to "suits in which *legal* rights were to be ascertained and determined," as opposed "to those were equitable rights alone were recognized, and equitable remedies administered."[17]

---

[13] Compl., ECF No. 1.
[14] *Id.* at 37-39.
[15] Mot. to Strike Jury Demand, ECF No. 36.
[16] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40-41 (1989).
[17] *Id.* at 41 (quoting *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. (3 Pet.) 433, 447 (1830)).

5

To decide whether an action should be tried by a jury, courts engage in a two-part inquiry. First, the court compares the action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.[18] Second, the court examines the remedy sought and determines whether it is legal or equitable in nature.[19] The second stage of this analysis is more important than the first."[20]

When a federal court hears a state law claim, "characterization of [a] state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law."[21] State law determines only "the elements of the cause of action and the propriety of the remedies sought."[22]

Where an action involves both legal and equitable claims, "the right to trial by jury of legal claims must be preserved."[23] If the complaint requests both legal and equitable relief, the parties are still entitled to a jury

---

[18] *Id.* at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417 (1987)).
[19] *Id.* (quoting *Tull*, 481 U.S. at 417-18).
[20] *Id.* (citing *Tull*, 481 U.S. at 421)
[21] *Simler v. Conner*, 372 U.S. 221, 222 (1963).
[22] *Gallagher v. Wilton Enterprises, Inc.*, 962 F.2d 120, 122 (1st Cir. 1992).
[23] *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 471-72 (1962).

6

trial on the legal claim. The right to a jury trial "cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought."[24]

### B. <u>Wrongful Foreclosure (Count I)</u>

Count I is a claim against BANA for wrongful deprivation of real property. As a remedy, the plaintiffs seek return of the property and damages for loss of use.[25] If title and possession is not returned, the plaintiffs request additional damages, restitution, rescissory damages, or other equitable damages "to approximate the return of the Property and compensate for the loss of use."[26] BANA argues that both the claim of wrongful foreclosure and the relief sought in Count I, including the plaintiffs' request for monetary damages, are equitable in nature.[27]

---

[24] *Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974); *see also Dairy Queen*, 369 U.S. at 473 n.8 ("It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control.") (quoting *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486, 491 (5th Cir. 1961)).
[25] Compl. ¶ 63, ECF No. 1.
[26] *Id.*
[27] Mot. to Strike Jury Demand 5-9, ECF No. 36.

7

A party injured by wrongful foreclosure may sue "in equity to set the foreclosure aside or in law for damages, allowing the foreclosure to stand."[28] A jury trial would traditionally be available on a suit for damages.[29] Though federal law governs the present inquiry, at least one Hawaii Supreme Court case also supports the characterization of a suit to recover property as one in equity and a suit for damages as one at law.[30]

---

[28] *Nat'l Life Ins. Co. v. Silverman*, 454 F.2d 899, 917 (D.C. Cir. 1971) (en banc) (per curiam); *accord* Restatement (Second) of Torts § 927 cmt. k ("It is only where the tortfeasor has conveyed the land to another that there can be recovery of the value of the land in an action at law.") (Am. L. Inst. 1979).

[29] *Johnson v. Fairfax Vill. Condo. IV Unit Owners Ass'n*, 641 A.2d 495, 507 (D.C. Cir. 1994) ("A suit for damages for wrongful foreclosure is traditionally an action at law for which a jury trial would be available.").

[30] In *Santiago v. Tanaka*, 366 P.3d 612 (Haw. 2016), the state supreme court held that "[w]here it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and voidable at the election of the mortgagor," unless the property has been resold to a third party. *Id.* at 633. In such a case, the court exercises its "equitable power" to award "restitution of [the mortgagor's] proven out-of-pocket losses." *Id*. This suggests that the damages remedy might be treated as "equitable" under Hawaii law. But two subsequent decisions indicate that the damages remedy is legal. In *Mount v. Apao*, 384 P.3d 1268 (Haw. 2016), the court summarized *Santiago* as "holding that where the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and voidable at the election of the mortgagor, who shall regain title to and possession of the property, except where the property has passed into the hands of an innocent purchaser for value, under which circumstances, *an action at law for damages* is generally the appropriate remedy." *Id.* at 1270 (emphasis added). Further, in *Lima v. Deutsche Bank Nat'l Tr. Co.*, No. SCCQ-19-0000397, 2021 Haw. LEXIS 204, at *18 (Sept. 3, 2021), the court stated that the wrongful foreclosure and UDAP claims "arise in tort" and "the plaintiffs must demonstrate compensatory damages . . ." *Id.* A tort claim that entitles the plaintiff to compensatory damages is a classic example of a legal claim.

    *Lima* also established the measure of damages in such cases in a way that may limit or eliminate plaintiffs' potential recovery. But the trustee's ability to prove damages is irrelevant to his right to a jury trial on that issue.

U.S. Bankruptcy Court - Hawaii   #21-90005   Dkt # 50   Filed 11/05/21   Page 8 of 15

This characterization of wrongful foreclosure as alternatively legal or equitable depending on the remedy is also logical if the present action for wrongful foreclosure is framed as a suit for breach of contract.[31] Though breach of contract is a classic common law action, equitable remedies are available for breach of contract, where no adequate legal remedy exists.[32] Specific performance – here, return of the property – is one such equitable remedy.[33] Alternatively, wrongful foreclosure can be analogized to the tort of conversion,[34] for which there are concurrent legal and equitable remedies.[35]

---

[31] "[A] breach of contract is a failure, without legal excuse, to perform any promise that forms the whole or part of a contract." 23 Williston on Contracts § 63:1 (4th ed.) Here, the breach is BANA's alleged failure to comply with the power of sale provision in the mortgage. *See Kekauoha-Alisa v. Ameriquest Mortg. Co. (In re Kekauoha-Alisa)*, 674 F.3d 1083, 1090-91 (9th Cir. 2012) ("[B]ecause Lenders' improper postponement of the foreclosure sale violated HRS § 667-5, it also constituted a breach of contract."), *aff'g in part and vacating in part* 407 B.R. 442 (B.A.P. 9th Cir. 2009), *reversing in part* 394 B.R. 507, 518 (Bankr. D. Haw. 2008) (holding that the lenders' failure to comply with Hawaii's nonjudicial foreclosure statute and the power of sale in the mortgage constituted breach of contract).

[32] *See* 25 Williston on Contracts § 67:8 (4th ed. 2020).

[33] *E.g., Phila. Indem. Ins. Co. v. Ohana Control Sys., Inc.,* 450 F. Supp. 3d 1043, 1052 (D. Haw. 2020) ("Specific performance is a remedy in a breach of contract action. That remedy is equitable.") (internal citations omitted); 25 Williston on Contracts § 67:1 (4th ed. 2020).

[34] *See* Restatement (Second) of Torts § 927 cmt. k ("The principles underlying the rules of damages for the conversion of chattels apply to situations where the title to land has been tortiously destroyed by one who had a power but not a privilege of conveyance . . ."); *see also Kekauoha-Alisa v. Ameriquest Mortg. Co. (In re Kekauoha-Alisa)*, Adv. No. 06-90041, 2013 WL 773057, at *1-2 (Bankr. D. Haw. Feb. 27, 2013) (analogizing lenders' misconduct in illegal foreclosure sale to the tort of conversion).

[35] 18 Am. Jur. 2d Conversion § 65 ("The owner of converted property has an option of bringing an action either for its specific recovery or for its market value.") (2021).

Because the plaintiffs request a mixture of legal and equitable relief, they are entitled to a jury trial at least on the factual issues that are common to both remedies.[36]

### C. Unfair and Deceptive Trade Practices and Unfair Methods of Competition (Count II)

In Count II, the plaintiffs allege violation of Hawaii Revised Statutes section 480-2 and seeks treble the debtor and plaintiff Mendoza's economic damages caused by BANA's conduct under section 480-13. The plaintiffs also seek declaratory and injunctive relief.

Under the first prong of the *Granfinanciera* inquiry, the plaintiffs' statutory action is analogous to one that would traditionally be brought in a court of law. The plaintiffs point out (and the Restatement (Second) of Torts confirms) that unfair competition and trade regulation actions evolved from tort law, though the fields are now considered independent bodies of law.[37] In addition, the Intermediate Court of Appeals of Hawaii

---

[36] *See Johnson*, 641 A.2d at 507 ("[I]f there are factual issues common to both the legal and equitable claims, the parties have a right to a jury trial on the common issue.").
[37] *See* Restatement (Second) of Torts Nine Intro. Note (Am. L. Inst. 1979)

10

has held that similar actions under section 480-13 are tort actions.[38] Because the trustee's statutory claim sounds basically in tort, it is legal in nature.[39]

Under the second prong of the inquiry, the relief sought in Count II would also be considered legal in nature. Count II seeks money damages, "the classic form of *legal* relief."[40] Furthermore, sections 480-2 and 480-13 are to "be construed in accordance with judicial interpretations of similar federal antitrust statutes . . ."[41] The treble damages remedy provided by federal antitrust statutes is considered legal in nature.[42] It follows that a suit under a similar Hawaii statute and requesting the same treble damages remedy should also be tried to a jury.

The plaintiffs' request for declaratory and injunctive relief under section 480-13 does not deprive the trustee of the right to a jury trial on

---

[38] *E. Star, Inc. v. Union Bldg. Materials Corp.*, 712 P.2d 1148, 1155 (Haw. App. 1985) ("A treble damage action under HRS § 480-13(a)(1) based on violations of HRS § 480-2 is a tort action.").

[39] *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999) ("[T]he Seventh Amendment jury guarantee extends to statutory claims unknown to the common law, so long as the claims can be said to 'soun[d] basically in tort,' and seek legal relief." (quoting *Curtis*, 415 U.S. at 195-96).

[40] *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)).

[41] Haw. Rev. Stat. Ann. § 480-3 (West 2021).

[42] *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959) (citations omitted); *Fleitmann v. Welsbach St. Lighting Co. of Am.*, 240 U.S. 27, 29 (1916) ("[W]hen a penalty of triple damages is sought to be inflicted, the [Sherman Act] statute should not be read as attempting to authorize liability to be enforced otherwise than through the verdict of a jury in a court of common law.").

U.S. Bankruptcy Court - Hawaii    #21-90005    Dkt # 50    Filed 11/05/21    Page 11 of 15

Count II. "[W]here a statute authorizes both equitable and legal relief, the plaintiff's decision to 'join[]' a legal claim with an equitable claim does not 'abridge[]' the right to jury trial on the legal claim.' It is irrelevant whether an action is properly characterized 'as one for damages and injunctive relief, or as one for damages alone, for purposes of analyzing the jury trial issue.'"[43] Again, the common issues, which may be all the issues on this count, should be tried to a jury.

### D. Quiet Title and Ejectment (Count III)

In Count III, the plaintiffs assert quiet title and ejectment against the QTE Defendants. As relief, the plaintiffs request an order awarding title and possession of the property and quieting any claim of title by the QTE Defendants, as well as recovery of the property's lost rental value.[44]

Quiet title and ejectment were traditionally considered discrete causes of action.[45] An action at law for ejectment could be brought by a

---

[43] *Tamosaitis v. URS Inc.*, 781 F.3d 468, 487 (9th Cir. 2015) (quoting *Curtis*, 415 U.S. at 196 n.11) (citations omitted).
[44] Compl. ¶¶ 103-105, ECF No. 1.
[45] 65 Am. Jur. 2d Quieting Title § 2 (2021).

plaintiff who did not possess the land but had the right to possession.[46] The available relief in an ejectment suit included monetary damages in addition to a judgment for possession.[47] Consistent with common law, federal courts have long considered ejectment a legal action.[48]

By contrast, quiet title was traditionally considered a suit in equity and could only be brought by a plaintiff in possession of the property.[49] However, some statutes "enlarge[] the jurisdiction of equity courts in suits to remove a cloud or to quiet title," allowing a party out of possession of the land to bring a quiet title claim.[50] Though the plaintiffs do not state their Count III claims under any particular statute, their quiet title claim appears to be brought under Haw. Rev. Stat. section 669-1, which provides that an "[a]ction may be brought by any person against another who

---

[46] 25 Am. Jur. 2d Ejectment § 1 (2021).
[47] *See id.* § 49.
[48] *See, e.g., Pernell v. Southall Realty*, 416 U.S. 363, 375-76 (1974) (determining that the parties were entitled to a jury trial on claims under D.C. Code 16-1501 because the statute served the same essential function as the common-law action of ejectment); *Redfield v. Parks*, 132 U.S. 239, 244 (1889) ("In the courts of the United States, where the distinction between actions at law and suits in equity has always been maintained, the action of ejectment is an action at law . . ."); *Amoco Oil Co. v. Torcomian*, 722 F.2d 1099, 1103 (3d. Cir. 1983) ("The complaint sought ejectment, a form of action long regarded as legal.").
[49] 65 Am. Jur. 2d Quieting Title §1.
[50] *Id.* § 38.

13

claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."[51] Federal courts characterize quiet title as an equitable action,[52] even when state law provides a statutory remedy.[53]

Therefore, Count III combines claims that are both legal and equitable in nature.

Turning to the remedies, the plaintiffs request an order quieting title to the property, a traditionally equitable remedy[54] that would not entitle them to a jury trial under the second prong of the *Granfinanciera* test. However, the plaintiffs also request monetary damages, which is consistent with an action for ejectment[55] and supports the conclusion that the

---

[51] Haw. Rev. Stat. Ann. § 669-1(a) (West 2021)

[52] *See Fulkerson v. Chisna Mining & Imp. Co.*, 122 F. 782, 784 (9th Cir. 1903) ("[I]n an ordinary suit in equity in a federal court, to quiet title, the complainant must show a legal as well as an equitable title. . ."); *Towers v. Titus*, 5 B.R. 786, 792 (N.D. Cal. 1979) ("The parties agree that action to quiet title have traditionally been equitable.").

[53] *See Humble Oil & Refining Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951) ("The equity jurisdiction of the federal courts extends to suits to quiet title and to remove clouds therefrom. Such jurisdiction is not ousted by state legislation providing a remedy by an action at law.") (internal citations omitted).

[54] *See, e.g., Towers*, 5 B.R. at 792 (N.D. Cal. 1979) ("[P]laintiff has no choice but to seek the equitable remedies of quiet title, or alternatively, constructive trust."); *D'Ambrosio v. Sterling Sav. Bank,* No. 3:12-CV-01826-BR, 2013 WL 5744730 at *3 (D. Or. Oct. 22, 2013) ("Plaintiff continues to seek both damages and equitable relief of quiet title.").

[55] In the present case, the Plaintiffs' request for damages for loss of use of the property is essentially a request to recover mesne profits, typical of an ejectment suit. Mesne profits are defined as the

plaintiffs' ejectment claim is legal in nature. Thus, like the claims stated in Count III, the relief requested is also a mix of law and equity.

Accordingly, I determine that the plaintiffs are entitled to a jury trial on his ejectment claim and request for monetary damages in Count III, but not his quiet title claim in the same count.

### III. CONCLUSION

Because the plaintiffs are entitled to a jury trial on at least some of the issues in this adversary proceeding, I will DENY BANA's motion to strike the plaintiffs' jury demand, but leave it to the district court, which will conduct the trial,[56] to determine which issues should be presented to a jury.

**END OF ORDER**

---

value of the use or occupation of land during the time it was held by one in wrongful possession." 28A C.J.S. Ejectment § 223 (2021); *accord* 25 Am. Jur. 2d Ejectment § 49.

[56] Bankruptcy courts can conduct jury trials only when the district judges authorize the practice and the parties to the case consent. 28 U.S.C. § 157(e). The district judges in this district have not provided the required authorization, and it is unknown whether the parties to this adversary proceeding would provide the requisite consent. Therefore, the jury trial must take place in district court.

U.S. Bankruptcy Court - Hawaii   #21-90005   Dkt # 50   Filed   11/05/21   Page 15 of 15